**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Mario Antonio Ramirez,

                Plaintiff,

vs.

Tylor Whitt, et al.,

                Defendants.

No. CV-25-00941-PHX-SPL

**ORDER**

Before the Court are Plaintiff's Amended Complaint (Doc. 8), Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), Motion for Service by U.S. Marshal (Doc. 5), Motion to Allow Electronic Filing (Doc. 7), and Motion to Accept First Amended Complaint (Doc. 11).

**I.      Application to Proceed in District Court Without Prepaying Fees or Costs**

In the application to proceed without prepaying fees or costs, Plaintiff declares under penalty of perjury that he is unable to pay the filing fee and other costs associated with this case. Plaintiff presents financial information to support his application. Given Plaintiff's lack of income and the absence of any significant assets, the motion will be granted.

**II.     In Forma Pauperis Complaint**

     **A. Legal Standards**

With respect to in forma pauperis proceedings, the Court shall dismiss such action at any time if it determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal –

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) (28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints," not merely those filed by prisoners). The Court must therefore dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious. *Lopez*, 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984).

In order to state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

### B. Plaintiff's Complaint

In his Amended Complaint, Plaintiff brings allegations against Department of Veterans Affairs ("VA") employees Tylor Whitt, Ross Estrella, Joshua Fister, Todd Uthe, and Bryan Matthews. (Doc. 8 at 2). Plaintiff alleges that after he made a protected whistleblower disclosure regarding misconduct by VA Police leadership, Defendants retaliated by initiating an administrative investigation of a policy violation, which overlapped with a criminal investigation based on those same allegations. Plaintiff was issued a United States District Court Violation Notice, but the criminal charges were dismissed. Plaintiff brings claims for unlawful seizure in violation of the Fourth Amendment (Count 1), coerced self-incrimination in violation of the Fifth Amendment (Count 2), denial of counsel in violation of the Sixth Amendment (Count 3), and Retaliation for Protected Activity under the First and Fifth Amendments (Count 4). Plaintiff seeks monetary damages.

### C. *Bivens* Claims

Monetary relief may be sought against federal officers and agents for conduct that violates the U.S. Constitution under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, before considering whether Plaintiff has stated a claim for which he may seek monetary relief pursuant to *Bivens*, the Court must first decide the antecedent issue of whether, in light of *Ziglar v. Abbasi*, 582 U.S. 120 (2017), a *Bivens* cause of action exists at all. *See Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) ("[T]he Court turns first to the *Bivens* question, which is 'antecedent' to other questions presented." (quoting *Wood v. Moss*, 572 U.S. 744, 757 (2014))). In *Ziglar*, the Supreme Court cautioned that "expanding the *Bivens* remedy is now a 'disfavored' judicial

activity" and set forth a two-part test to determine whether a *Bivens* claim may proceed. 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675). A court first must consider whether the claim at issue extends *Bivens* in a new context, and, if so, a court must then apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Id*. at 136, 138–40.

It is immaterial whether this Court, the Ninth Circuit Court of Appeals, or other district and appellate courts have recognized a particular *Bivens* claim; the Supreme Court has stated "[t]he proper test for determining whether a case presents a new *Bivens* context is as follows. If the case is different in a meaningful way from previous *Bivens* cases *decided by this Court*, then the context is new." *Id*. at 139 (emphasis added). The Supreme Court explained that:

> [a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*. at 139–40. This list is not exhaustive, and the "new-context inquiry is easily satisfied." *Id*. at 149. Recently, the Supreme Court has narrowed this test further, finding no *Bivens* cause of action exists even when it is of the same type of claim as that previously recognized by the Supreme Court. *See Egbert v. Boule*, 596 U.S. 482 (2022) (declining to find a cause of action for a Fourth Amendment excessive force claim despite such a claim being recognized in *Bivens*); *see also Hernandez v. Mesa*, 589 U.S. 93, 103 (2020) ("A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized.").

A claim extends *Bivens* in a new context if it differs in a meaningful way from previous *Bivens* cases decided by the United States Supreme Court. *Id*. at 139. Those three cases approved the following three claims: "a claim against FBI agents for handcuffing a

man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." *Ziglar*, 582 U.S. at 140; *see Bivens*, 430 U.S. 388; *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980). "These three cases . . . represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 582 U.S. at 131.

### 1.  Official Capacity

"A *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity." *McLean v. Gutierrez*, No. ED CV 15-275-RGK (SP); *see also Daly-Murphy v. Winston*, 837 F.2d 348, 355–56 (9th Cir. 1988) (as amended) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity . . . ."). "This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." Accordingly, Plaintiff's claims against Defendants in their official capacity will be dismissed with prejudice. (*see* Doc. 8 at 1).

### 2.  Respondeat Superior

"A supervisory position is an insufficient basis for civil rights liability." *McLean v. Gutierrez*, No. ED CV 15-275-RGK (SP), 2017 WL 6887309, at *12 (C.D. Cal. Sept. 28, 2017); *see Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991) ("[R]espondeat superior is inapplicable to Bivens actions"). "Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be *specifically* alleged." *McLean*, 2017 WL 6887309,

at *12 (emphasis added). Plaintiff only vaguely alleges that Defendant Matthews "was aware of Plaintiff's complaints and improper investigations, and failed to intervene, instead endorsing and enabling the misconduct." (Doc. 8 at 4). This conclusory statement fails to provide any facts specifically alleging Matthews' personal involvement or knowledge in the matter, as required to assert *Bivens* liability. Defendant Matthews must therefore be dismissed.

### 3. Count 1 – Fourth Amendment

In Count 1, Plaintiff brings a claim for unlawful seizure in violation of the Fourth Amendment. (Doc. 8 at 4). Plaintiff states he was never arrested, but he was "subjected to the legal process and the threat of criminal sanction, constituting a constructive seizure under the Fourth Amendment." (Doc. 8 at 4). Plaintiff was required to appear in court in June of 2023, after which the charges were dismissed. (Doc. 8 at 4).

"The Fourth Amendment safeguards '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *Atwater v. City of Lago Vista*, 532 U.S. 318, 326 (2001) (quoting U.S. Const. am. IV). "[T]he view that an obligation to appear in court to face criminal charges constitutes a Fourth Amendment seizure," however, "is not the law." *Nieves v. McSweeney*, 241 F.3d 46, 55 (1st Cir. 2001). The Court thus finds that without any allegations that Plaintiff was "otherwise exposed to any significant deprivation of liberty," the claim fails. *See also Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th Cir. 2015) (finding Own–Recognizance Release restrictions were *de minimus* and, as a result, no Fourth Amendment seizure occurred); *Santana v. Cty. of Yuba*, No. 2:15-cv-00794 KJM-EFB, 2016 WL 1268107, at *19 (E.D. Cal. Mar. 31, 2016) ("Whether they were seized depends not on the charges filed against them, but on the restrictions they faced as a result."); *Burg v. Gosselin*, 591 F.3d 95, 99–101 (2d Cir. 2010) (collecting authority from the First, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits). The Court will thus dismiss this claim.

///

### 4.  Count 2 – Fifth Amendment

In Count 2, Plaintiff brings a claim for coerced self-incrimination in violation of the Fifth Amendment. (Doc. 8 at 4–5). Plaintiff claims he was compelled "to provide potentially self-incriminating information during an administrative investigation despite his invocation of the Fifth Amendment." (Doc. 8 at 5). "Although our cases have permitted the Fifth Amendment's self-incrimination privilege to be asserted in noncriminal cases, that does not alter our conclusion that a violation of the constitutional *right* against self-incrimination occurs only if one has been compelled to be a witness against himself in a *criminal* case." *Chavez v. Martinez*, 538 U.S. 760, 770 (2003) (second emphasis added). The Court will thus dismiss this claim.

### 5.  Count 3 – Sixth Amendment

In Count 3, Plaintiff brings a claim for denial of counsel in violation of the Sixth Amendment, alleging he "was denied counsel during investigative proceedings that bore both administrative and criminal consequences." (Doc. 8 at 5).

"The Sixth Amendment right to the assistance of legal counsel attaches at the time criminal proceedings have been initiated." *Perez v. Azusa Police Dep't*, No. 2:18-cv-08535-ODW (AFM), 2021 WL 1587935, at *10 (C.D. Cal. Jan. 25, 2021) (citing *Brewer v. Williams*, 430 U.S. 387, 398 (1977)). "Absent criminal charges, the Sixth Amendment is not implicated." *Id*. Because Plaintiff does not allege that he had been formally charged at the time he was questioned during the administrative investigation, the Court find this Sixth Amendment claim fails.

### 6.  Count 4 – Retaliation for Protected Activity

In Count 4, Plaintiff brings a claim for retaliation in violation of the First and Fifth Amendments. Plaintiff specifically states Defendants retaliated against him for filing a complaint with the Equal Employment Opportunity Commission by initiating an allegedly unfounded administrative investigation against him. (Doc. 8 at 5). Plaintiff claims "[t]his retaliation violated [Plaintiff's] rights to free speech and to petition the government for

1   redress." (Doc. 8 at 5).[1]

2        In *Egbert v. Boule*, the Supreme Court clearly forecloses Plaintiff's claim,

3   specifically holding "there is no *Bivens* action for First Amendment retaliation. There are

4   many reasons to think that Congress, not the courts, is better suited to authorize such a

5   damages remedy." 596 U.S. at 499. As a result, Plaintiff's claim must be dismissed.

6                              **D. Dismissal Without Leave to Amend**

7        Upon review, the Court finds Plaintiff is unable to bring any viable *Bivens* claims.

8   The Court further finds the deficiencies in the complaint cannot be cured by alleging other

9   additional facts. Consequently, Plaintiff will not be afforded leave to amend the complaint

10  and his Motion to Accept First Amended Complaint (Doc. 11) will be denied. *See Lopez v.*

11  *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend

12  even if no request to amend the pleading was made, unless it determines that the pleading

13  could not possibly be cured by the allegation of other facts.") (quoting *Doe v. United States*,

14  58 F.3d 494, 497 (9th Cir. 1995)).

15       Accordingly,

16       **IT IS ORDERED** that the Application to Proceed in District Court Without

17  Prepaying Fees or Costs (Doc. 2) is granted.

18       **IT IS FURTHER ORDERED** that the First Amended Complaint (Doc. 8) is

19  **dismissed without prejudice**.

20       **IT IS FURTHER ORDERED** that the Motion to Accept First Amended Complaint

21  (Doc. 11) is **denied**.

22       **IT IS FURTHER ORDERED** that the Motion for Service by U.S. Marshal (Doc.

23  5) and Motion to Allow Electronic Filing (Doc. 7) are **denied as moot**.

24  ///

25  ///

26  _____

27       [1] Aside from noting it in the heading, Plaintiff makes no actual allegation under the
    Fifth Amendment. Plaintiff claims only that the retaliation violated his rights to free speech

28  and to petition the government for redress of grievances, which fall squarely within the
    First Amendment.

1    **IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this action
2    and enter judgment accordingly.
3    Dated this 10th day of July, 2025.

4
5    _____
     Honorable Steven P. Logan
6    United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28